## In re Anonymous No. 71 D. B. 85

Disciplinary Board Docket no. 71 D.B. 85.

McGINLEY, *Member,* June 2, 1987 — Pursuant to Rule 208(d)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the disciplinary board of the Supreme Court of Pennsylvania submits the follow-

ing findings and recommendations to this honorable court with respect to the petition for discipline filed in this case.

## HISTORY OF PROCEEDINGS

A petition for discipline against [    ] (respondent) was filed on September 4, 1985. On October 23, 1985, a hearing was scheduled for May 7, 1986. The hearing commenced as scheduled and concluded on May 7, 1986. Following briefs, the matter was considered by a hearing committee, which unanimously recommended that respondent be suspended from practice for five years.

## SUMMARY OF CASE

In May of 1979, the administrative office of the Pennsylvania Courts mailed respondent an attorney's registration card entitled "Attorney's Annual Fee for 1979-80". Respondent replied that he had retired from practice as of October 1, 1978. Thereafter, respondent neither paid his registration fee nor informed the administrative office of his change in status.

On November 17, 1980 and January 14, 1981 respondent appeared before the Honorable [ A ], in the Orphan's Court Division of the Court of Common Pleas of [    ] County as legal counsel in a matter involving the [ B ] estate. During the second appearance, Judge [ A ] ordered respondent to take the witness stand and interrogated him relative to his handling of the sum of $3,500 in escrow funds which had been released to him by a local savings and loan association in July of 1980. Judge [ A ] further made inquiry of respondent relative to his right to practice law. At the conclusion of the hearing, Judge [ A ] directed respondent to return the sum of $3,500 to the

estate. Respondent then signed a check drawn on his personal account. The check was in the amount of $3,500 and the proceeds were used to reimburse the estate with respect to the sums which had been taken.

At the time of respondent's appearance before Judge [ A ], he was not a member in good standing of the bar of the Commonwealth of Pennsylvania. There is no dispute about this fact. In May of 1979, the administrative office of this honorable court had mailed to respondent the annual registration statement, and respondent had replied that he had retired from the practice of law in the commonwealth as of October 1, 1978. In May of 1980, the administrative office of this honorable court mailed respondent an attorney's registration statement; respondent again reiterated that he had retired from the practice of law as of October of 1978.

Despite his repeated representation that he had retired, respondent undertook to provide legal services to the [ B ] estate in January of 1980. This estate caused his appearance before Judge [ A ]. The matter of providing legal services to a client when the provider is not a member of the bar of this honorable court is conduct which in and of itself involved the violation of several disciplinary rules. Respondent's conduct in connection with the representation of the [ B ] estate aggravates the case even further. The hearing committee determined that respondent had repaid $3,500 to the estate from his personal account and that those funds were withdrawn from various accounts which respondent held in trust for relatives.

The hearing committee found that respondent's prior history of disciplinary infractions evidenced a disregard for the rights and property of the client and a disregard for the rules of this honorable court.

In the matter of the [ B ] estate, monies were ultimately diverted into a personal account in the name of respondent and his wife. The uncontroverted evidence was that the proceeds of the personal account of respondent and his spouse were used for personal expenses. His personal account had balances of less than $3,500.

## SUMMARY OF FINDINGS OF HEARING COMMITTEE AND RECOMMENDATION OF HEARING COMMITTEE

While the hearing committee did not specifically identify the disciplinary rules which it found to have been violated, it is apparent, from a review of the record and the findings of fact, that the hearing committee determined that respondent had violated the following disciplinary rules of the code of professional responsibility:

DR 1-102(A)(4) dealing with conduct involving dishonesty, fraud, deceit or misrepresentation.

DR 9-102(B)(1) dealing with a lawyer notifying a client of the receipt of his funds, securities or other properties.

DR 9-102(B)(3) dealing with the maintenance of complete records of funds of a client coming into the possession of the lawyer and the rendering of appropriate amounts to the client regarding them.

The disciplinary board supports and concurs in the recommendation of the hearing committee.

In adopting the recommendation, the disciplinary board is cognizant of the fact that respondent's conduct in misrepresenting his professional status to the administrative office of this honorable court on two occasions undermines a critical aspect of this honorable court's administrative structure. We are

also mindful of the fact that respondent has perpetrated further deception on the Court of Common Pleas of [     ] County in his appearance before that court and has abused his position of trust with respect to his clients. In recommending suspension rather than the more severe penalty of disbarment, the board has considered respondent's age; he is now 71 years old.

As a consequence of the foregoing, the disciplinary board of the Supreme Court recommends that respondent be suspended from the practice of law for a period of five years; further that costs shall be paid by respondent.

Messrs. Schwartzman, Curran, Mundy, Brown, Tumolo and Keller did not participate in the adjudication.

## ORDER

NIX, *C.J.*, And now, this September 3, 1987, upon consideration of the report and recommendations of the disciplinary board dated June 2, 1987, it is hereby ordered that [respondent] be and he is suspended from the bar of this commonwealth for a period of three years, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the disciplinary board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Larsen, Mr. Justice Flaherty and Mr. Justice Papadakos dissent and would accept the recommendation of the disciplinary board.